## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:18 CV 219

| | | |
|---|---|---|
| RIKKI ACQUELLIA PHARR, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This matter is before the Court on the parties' cross motions for summary judgment (Docs. 14, 20).[1]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. Following a review of the record, the parties' briefs, and relevant legal authority, the Court grants Plaintiff's motion for summary judgment and denies the Commissioner's motion for summary judgment.

## I.    Procedural History

On March 14, 2013, Plaintiff filed an application for supplemental security income.

---

[1] Plaintiff's Motion for Judgment on the Pleadings (Doc. 14) will be construed as a motion for summary judgment. See LCvR 7.2(a).

(Transcript of Administrative Record ("T.") 13, 15.)

Plaintiff's claim was denied in June of 2013 and again, on reconsideration, in August of 2013.

In September of 2013, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").

On June 2, 2015, a hearing was conducted before ALJ Valorie Stefanelli in Charlotte, North Carolina. (T. 70-108.) Plaintiff was represented at the hearing by attorney Daniel Bridgman. Vocational Expert ("VE") Carol Crawford was also present. (T. 70.)

On July 17, 2015, a notice was sent to Plaintiff advising her that she had received an unfavorable decision from the ALJ. (T. 138-40; 141-53.) Plaintiff subsequently sought review by the Appeals Council.

On September 8, 2016, the Appeals Council remanded the case to the ALJ. (T. 158-62.) In its remand order, the Appeals Council directed the ALJ to obtain supplemental evidence from a VE in order to clarify the effect of the assessed limitations on Plaintiff's occupational base. (T. 13.)

On July 13, 2017, another hearing was held before ALJ Stefanelli. (T. 13.) Plaintiff appeared in person and was again represented by attorney Bridgman. (T. 13, 37.) A VE, Melissa Brinson, was present via telephone. (T. 37.)

On November 16, 2017, Plaintiff was sent a notice of unfavorable decision and informed how to file an appeal. (T. 10-12.)

On February 27, 2018, the Appeals Council denied Plaintiff's request for review of the ALJ's November 16, 2017 decision. (T. 1-3.)

On April 24, 2018, Plaintiff filed the instant action.  See (Doc. 2).

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001).  The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled.  Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).  Under this sequential evaluation, the Commissioner must consider each of the following: (1) whether  the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or exceed the severity of one or more of the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC").  20 C.F.R. § 416.920; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make the requisite showing.  Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016).  If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled, and the process comes to an end.  Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015).  The burden remains on the claimant at step

3

three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant can perform other jobs that exist in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five with the testimony of a VE, who responds to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

## III.    The ALJ's Final Decision

In her November 16, 2017 decision, the ALJ found that Plaintiff was not disabled under section 1614(a)(3)(4) of the Social Security Act. (T. 13-28.) In support of this

conclusion, the ALJ made the following specific findings:

(1)     The claimant has not engaged in substantial gainful activity since March 14, 2013, the application date (20 C.F.R. § 416.971 et seq.).

(2)     The claimant has the following severe impairments: peripheral artery disorder status post femoral surgery, degenerative disc disease of the lumbar spine, anxiety, and obesity (20 C.F.R. § 416.920(c)).

(3)     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

(4)     The claimant has the RFC to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except she is limited to no climbing ladders, ropes, or scaffolds; occasionally other postural movements; and simple, routine tasks.[2]

(5)     The claimant has no past relevant work (20 C.F.R. § 416.965).

(6)     The claimant was born on March 19, 1973, and she was 39 years old, which is defined as a younger individual age 18-44, on the date the application was filed.  (20 C.F.R. § 416.963).

(7)     The claimant has at least a high school education, and she is able to communicate in English (20 C.F.R. § 416.964).

(8)     Transferability of job skills is not an issue because the claimant does not have past relevant work (20 C.F.R. § 416.968).

(9)     Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.969, 416.969(a)).

---

[2] The regulations define "sedentary work" as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.  Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 416.967(a).

(10)    The claimant has not been under a disability, as defined in the Social
        Security Act, since March 14, 2013, the date the application was filed
        (20 C.F.R. § 416.920(g)).

(T. 13-28.)

## IV.    Standard of Review

Title 42, United States Code, Section 405(g) provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V. Analysis

### A. Step Three Arguments

#### 1. The ALJ did not err under <u>Albright</u>.

In her first assignment of error, Plaintiff argues that the ALJ committed reversible error under <u>Albright v. Comm'r of Soc. Sec. Admin.</u>, 174 F.3d 473, 477 (4th Cir. 1999), by failing to explain why the RFC assigned to Plaintiff in the 2017 opinion differs starkly from the RFC listed in the 2015 opinion. Pl.'s Mem. (Doc. 15) at 5-7. Plaintiff argues that in cases where the Commissioner has made prior determinations regarding the claimant's condition, that determination is conclusive unless there is substantial evidence of improvement in the condition. <u>Id.</u> at 5.

At issue in <u>Albright</u> was the application of Acquiescence Ruling ("AR") 94-2(4), which itself had been promulgated in response to the Fourth Circuit's decision in <u>Lively v. Sec'y of Health & Human Servs.</u>, 820 F.2d 1391 (4th Cir. 1987). The court in <u>Albright</u> found AR 94-2(4) to be an incorrect statement of the <u>Lively</u> decision. Subsequently, the Social Security Administration published AR 00-1(4), which rescinded AR 94-2(4). <u>See</u> AR 00-1(4). This ruling applies to determinations or decisions made at all levels of the administrative review process (i.e., initial, reconsideration, ALJ hearing, and Appeals Council) and provides:

> Whether, in making a disability determination or decision on a **subsequent disability claim** with respect to an **unadjudicated period**, the Social Security Administration (SSA) must consider a finding of a claimant's residual functional capacity or other finding required under the applicable

> sequential evaluation process for determining disability, made in a final decision by an Administrative Law Judge (ALJ) or the Appeals Council on the prior disability claim.

AR 00-1(4) (emphases added).

These authorities, however, address circumstances in which a claimant presents multiple claims and thus do not appear applicable to the instant case.

Here, the Appeals Council remanded the ALJ's decision dated July 17, 2015 (T. 158-62) and directed the ALJ to conduct another hearing and issue a new decision. (T. 160-61.)  The ALJ complied and issued a new decision on November 16, 2017, which decision became the agency's final decision.  See (T. 13-28).  The 2017 decision was not a subsequent decision on a different and later claim covering an unadjudicated period. Rather, both decisions by the ALJ dealt with the same claim and the same period.

As for the basis of the 2017 decision, as Plaintiff indicates, on remand the ALJ reviewed the previous evidence as well as "new evidence of Ms. Pharr's treatment after July 17, 2015".  Pl.'s Mem. (Doc. 15) at 6.

Therefore, the ALJ committed no error under Albright.

## 2. The ALJ erred under Mascio, and remand is in order.

Next, citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015), Plaintiff argues that this case should be "reversed" because the ALJ found moderate limitations in concentration, persistence, and pace at step three in the sequential evaluation, but failed to account for these limitations in Plaintiff's RFC.  Pl.'s Mem. (Doc. 15) at 7-9.  Plaintiff further argues that this case frustrates meaningful review because there is no way to reconcile the ALJ's conclusion that Plaintiff has "ongoing anxiety and deficits in focusing

at times," while, at the same time, "the record also does not document any cognitive impairments." Id. at 9.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1). Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996), provides that an ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Id. at *7. In formulating an RFC, the ALJ is not required to discuss every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his or her conclusion. Monroe, 826 F.3d at 189; see also Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000). With respect to the function-by-function analysis, "[t]he RFC assessment must first identify the individual's functional limitations or restrictions and assess his other work-related abilities on a function-by-function basis[.]" SSR 96-8p, 1996 WL 374184, at *1.

In Mascio, the Fourth Circuit Court of Appeals held that deficiencies in concentration, persistence, or pace cause work-related deficits with staying on task, and while a ALJ may find that no limitations are required, an explanation is necessary. 780 F.3d at 638. The Court in Mascio further held:

> Perhaps the ALJ can explain why [the plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the plaintiff's] residual functional capacity. For example, the ALJ may find that the concentration, persistence, or pace limitation does not

affect [the plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the vocational expert. **But because the ALJ gave no explanation, a remand is in order.**

Id. (internal citation omitted and emphasis added).

In the instant case, at step two in the sequential evaluation, the ALJ found that Plaintiff's anxiety was a severe impairment. (T. 15.) Then, at step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (T. 16.)

The ALJ found that, with respect to concentrating, persisting, or maintaining pace, Plaintiff had a moderate limitation. (T. 18.) The ALJ further found, though, that Plaintiff typically was alert and fully oriented to person, place, and time, and had intact judgment and insight. (T. 18) (citing Exs. 7F, 13F, 20F, 31F.) Next, the ALJ recognized that Plaintiff typically had a normal fund of knowledge and intact memory. (T. 18) (citing Ex. 7F.) Finally, it was noted that Plaintiff reported ongoing anxiety and deficits in focusing at times. (T. 18.)

Under the Mascio standard, the ALJ did not properly account for Plaintiff's moderate limitations in concentration, persistence, or pace. Upon finding that Plaintiff had these limitations, the ALJ had two choices: (1) limit the RFC finding to account adequately for the limitations, or (2) adequately explain the decision not to limit Plaintiff's RFC further. See Rivera v. Berryhill, No. 3:17-CV-00376-GCM, 2019 WL 355536, at *2 (W.D.N.C. Jan. 29, 2019).

Here, it appears that the ALJ attempted to limit the RFC to account for this limitation by limiting Plaintiff to simple, routine tasks (T. 18). However, "an ALJ does not account

10

for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." Mascio, 780 F.3d at 638 (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted).

Consequently, the ALJ's decision will be remanded. See Rivera, 2019 WL 355536, at *2.

### 3. The ALJ's explanation of the weight assigned to the opinions of Plaintiff's medical providers does not frustrate meaningful review.

Next, Plaintiff contends that the ALJ gave little weight to treating sources Drs. Rachima and Roush and failed to provide an adequate explanation for doing so. Pl.'s Mem. (Doc. 15) at 9-12. Plaintiff further contends that the ALJ attacked her credibility without cause. Id. at 11.

It is an ALJ's responsibility to determine the weight of the evidence and resolve conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "An ALJ's determination as to the weight to be assigned to a medical opinion generally will not be disturbed absent some indication that the ALJ has dredged up some 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." Dunn v. Colvin, 607 F. App'x 264, 267 (4th Cir. 2015) (internal cites omitted); see also 20 C.F.R. § 416.927(c)(6) (providing an example of other factors to be considered when weighing a medical opinion); 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion. The better an

explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").

Treating sources are generally given controlling weight with respect to the nature and severity of a claimant's impairment. 20 C.F.R. § 416.927(c). When, however, a treating source's opinion is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the case record," it is not entitled to controlling weight. SSR 96-2p, 1996 WL 374188, at *4. In such a case, the treating source's opinion must be weighed and evaluated pursuant to the factors set forth in 20 C.F.R. § 416.927(c)(2)(i)-(c)(6).

Here, the ALJ gave Dr. Rachima's opinion "little weight" for several reasons. (T. 24.) First, the ALJ noted that, although Dr. Rachima is Plaintiff's treating primary care provider, he treats Plaintiff only every six months for atherosclerosis of the lower extremities. (T. 24.) Second, the ALJ found that Dr. Rachima's statement includes limitations to sitting and standing/walking for less then two hours in an eight-hour workday, but these limitations are not supported by his own treatment notes of record. (T. 24.) In fact, the ALJ noted that the record demonstrated few objective findings on exam and include a normal gait and station. (T. 24.) Third, the ALJ found that there were few objective findings throughout his treatment notes to support Dr. Rachima's opinion that Plaintiff requires a job that shifts between sitting, standing, and walking. (T. 24.) The ALJ noted that Plaintiff has typically had a normal gait, and the records demonstrate that her deep vein thrombosis has been described as stable. (T. 24.) Finally, the ALJ concluded that Dr. Rachima's opinion was inconsistent with the fact that nothing more than

12

conservative treatment has been recommended for Plaintiff's back pain. (T. 24.)

The ALJ noted that Dr. Roush opined that Plaintiff experienced pain and fatigue, as well as lower extremity pain with walking, standing, and sitting. (T. 23.) Dr. Roush further opined that Plaintiff had drowsiness and dizziness from her medication and can only walk half a block before she suffers pain. (T. 23.) Dr. Roush concluded that Plaintiff can stand and walk for less then two hours in an eight-hour workday. (T. 23.) Dr. Roush further concluded that Plaintiff would need unscheduled breaks throughout the day and experiences pain, paresthesia, and numbness. (T. 23.) Dr. Roush stated that Plaintiff does not use a cane and opined that Plaintiff would be off task 25% of the day and would not have good and bad days. (T. 23.)

However, the ALJ gave Dr. Roush's opinion "little weight" because the ALJ found it was not entirely consistent with the evidence as a whole. (T. 23) For example, the ALJ found that Plaintiff's medical records demonstrate that her lower extremity and back pain were improved with treatment. (T. 23.) In addition, the ALJ noted that Plaintiff reported that she walked daily and could perform household chores. (T. 23.) The ALJ also noted that Plaintiff typically had an intact gait, no edema, and a full range of motion in her back and extremities on exam, and the more recent records show few objective findings as well. (T. 23.) Finally, the ALJ concluded that the record did not support a finding that Plaintiff would be off task during the day because she has not consistently reported substantial deficits in concentration caused by pain and ongoing symptoms or as a side effect from any medication. (T. 23.)

Here, it does not appear that the ALJ has dredged up specious inconsistencies or

13

otherwise failed to give sufficient reasons for the weight she afforded to these treating sources' opinions. See Dunn, 607 F. App'x at 267.

In addition, the Court finds that the ALJ did not attack Plaintiff's credibility without cause for doing so. Rather, the ALJ explained what factors she considered in her evaluation of Plaintiff's symptoms, which included evidence that Plaintiff did not always use her medicine for its intended purpose. (T. 21-22.) This information is relevant under 20 C.F.R. § 416.929(c). Moreover, the ALJ considered other relevant regulatory factors in evaluating symptoms, such as daily activities, the effectiveness and any side effects of medication, and non-medication treatment received to alleviate pain and other symptoms. (T. 19-25.) See 20 C.F.R. § 416.929(c)(3)(i), (c)(3)(iv), (c)(3)(v).

In sum, the ALJ's evaluation of the medical providers does not frustrate this Court's review.

## B.   Step Five Argument

Finally, Plaintiff argues that the ALJ's step five determination is not supported by substantial evidence. Pl.'s Mem. (Doc. 15) at 13-14. Plaintiff contends that this case should be reversed because previously the ALJ found that Plaintiff needed a sit/stand option and the VE testified that there would be no jobs available to Plaintiff if she required a sit/stand option, though in the 2017 decision, without any explanation, according to Plaintiff, the sit/stand option is no longer required. Id. at 14.

At step five in the sequential evaluation, the burden shifts to the Commissioner to show that the claimant can perform alternative work. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2005). The Social Security Administration relies primarily on the Dictionary of

Occupational Titles for information about the requirements for work in the national economy. See 20 C.F.R. § 416.966(d). In some cases, the ALJ will make use of a vocational expert for more complex issues. 20 C.F.R. § 416.966(e). If the Commissioner fails to carry her burden at step five, the claimant is entitled to a disability finding as a matter of law. See Pearson, 810 F.3d at 207.

In the instant case, Plaintiff essentially questions why the ALJ did not rely on a VE's response to a hypothetical question during her first hearing, on June 2, 2015. The ALJ, however, properly relied on the hypothetical from the second hearing, on July 13, 2017, as it adequately reflected the updated information in the record. See Fisher v. Barnhart, 181 F. App'x 359, 364 (4th Cir. 2006) ("[A] hypothetical is unimpeachable if it 'adequately reflect[s]' a residual functional capacity for which the ALJ had sufficient evidence.") (emphasis omitted) (quoting Johnson, 434 F.3d at 659)).

Therefore, Plaintiff's argument that the VE validated her argument that she cannot work is without merit.

## VI. Conclusion

Considering the foregoing, Plaintiff's motion for summary judgment (Doc. 14) is **GRANTED**, and this case is **REMANDED** for further proceedings pursuant to sentence four of § 405(g). The Commissioner's motion for summary judgment (Doc. 20) is **DENIED**.

Signed: April 17, 2019

W. Carleton Metcalf
United States Magistrate Judge