IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18 CV 219

| | | |
|---|---|---|
| RIKKI AQUELLIA PHARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's "Motion for Attorney Fees" (Doc. 25) which seeks attorney's fees pursuant to the Equal Access to Justice Act (EAJA). The Motion indicates that the parties have agreed Plaintiff should be awarded $ 3,642.00 in attorney's fees.

An award of attorney's fees under the EAJA must be "reasonable." 28 U.S.C. 2412(A). It is within the Court's discretion to award attorney's fees above the statutory hourly rate. See Payne v. Sullivan, 977 F.2d 900, 903 (4th Cir. 1992).

In the Motion, Plaintiff states that the agreed upon amount is based upon 18.7 hours of work at the statutory hourly rate of $125 adjusted to account for an increased cost-of-living based on the U.S. Department of Labor's Consumer Price Index for the south urban region ("CPI–U"). (Doc. 25) at 2.

Courts in this district have awarded attorney's fees based on an hourly rate that accounts for a cost-of-living increase calculated using the CPI-U. See Ashcraft v. Berryhill, No. 3:13-CV-00417-RLV-DCK, 2017 WL 2273155, at *1 (W.D.N.C. May 24, 2017); Miller v. Colvin, No. 5:15-CV-00033-FDW, 2016 WL 110602, at *1 (W.D.N.C. Jan. 8, 2016); Rogers v. Astrue, No. 5:12-CV-00003-RLV-DCK, 2015 WL 9239000, at *2 (W.D.N.C. Dec. 17, 2015); United States v. Bailey, No. 1:11-CR-00010-MR-DLH, 2015 WL 1893610, at *32-35 (W.D.N.C. Apr. 27, 2015).

After review and consideration of the Motion and applicable authority, the Court is of the opinion that the Motion should be allowed.

**IT IS THEREFORE ORDERED THAT:**

(1) Plaintiff's "Motion for Attorney Fees" (Doc. 25) is **GRANTED,** and Plaintiff is awarded attorney's fees in the amount of $3,642.00 ("Fee Award").

(2) As EAJA fees belong to the litigant and are subject to offset under the Treasury Offset Program, see Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Fee Award shall be paid by Defendant as follows:

a. If Plaintiff has federal debt registered with the Department of the Treasury that may be offset by the Fee Award, such amount of the Fee Award as is necessary to satisfy Plaintiff's federal debt shall be so used, up to and including the entire amount of

Fee Award.

b. The remaining balance of the Fee Award after application of the offset, if any, described above shall be delivered by Defendant to Plaintiff's counsel on behalf of Plaintiff.

Signed October 28, 2019

W. Carleton Metcalf
United States Magistrate Judge